**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL ESPINOSA-LOPEZ | No. 15-71085 |
| Petitioner, | Agency No. A099-441-674 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Joel Espinosa-Lopez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

672, 678 (9th Cir. 2011).  We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen as untimely, where it was filed nearly five years after the final administrative order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Espinosa-Lopez failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

Because the timeliness determination is dispositive, we do not address Espinosa-Lopez's contentions regarding new hardship and eligibility for asylum.

**PETITION FOR REVIEW DENIED.**

15-71085